1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8    GENERAL TEAMSTERS LOCAL NO. 174,
9                                              Plaintiff,
10   v.                                                          NO. C06-1122P
11   NORTHWEST INFRASTRUCTURE, INC.,          ORDER ON PLAINTIFF'S MOTION
                                              FOR SUMMARY JUDGMENT
12                                            Defendant.
13

14          This matter comes before the Court on Plaintiff's motion for summary judgment.  (Dkt No.

15   18).  Plaintiff is seeking to compel Defendant to arbitrate a labor dispute.  Plaintiff also seeks an award

16   of attorney's fees.  In its opposition to Plaintiff's motion, Defendant has moved to strike certain

17   materials offered by Plaintiff.

18          Having considered the materials submitted by the parties, and finding that oral argument is not

19   needed to resolve this matter,[1] the Court ORDERS as follows:

20          (1)     The Court GRANTS Plaintiff's motion for summary judgment.  The parties are

21   ORDERED to arbitrate Plaintiff's grievance in accordance with the terms of the Project Labor

22   Agreement.

23

24   ─────────────────────

25          [1] Plaintiff requested oral argument in the manner prescribed by Court's Local Civil Rules,
     while Defendant did not.  See Local Civil Rule 7(b)(4).

26   ORDER - 1

(2)      The Court GRANTS Plaintiff's request for an award of attorney's fees.  Plaintiff is directed to file a properly supported motion documenting the attorney's fees that it incurred in this action within 30 days of the date of this order.

(3)      The Court DENIES as moot Defendant's request to strike certain materials offered by Plaintiff.

### Background

Plaintiff General Teamsters Local No. 174 and Defendant Northwest Infrastructure, Inc. (NWI) are both signatories to a multi-party Project Labor Agreement (PLA) for the construction of commuter and link light rail projects.  Through this lawsuit, the union is seeking to compel arbitration of a grievance regarding benefit contributions for one of its members.

The union claims that NWI violated the PLA with respect to benefit contributions for Hooker Hailstone, a Local 174 member employed by NWI.   It appears that NWI attempted to submit benefit contributions for Mr. Hailstone to the appropriate union trust fund ("the Trust").  However, NWI's contributions were returned by the Trust, apparently because NWI made modifications to the "Employer-Union Pension Certification" form.  According to Local 174's business agent Mike Kirsch, the Trust is "an entirely separate entity from the union and it is not subject to our control, so there was nothing we could do on our end about changing the document to accommodate" NWI.

The union asserts that NWI has violated Article 10.2 of the PLA, which provides:

> All Contractors shall make contributions in the amounts designated in the appropriate prevailing wage determination for fringe benefit contributions to each of the applicable Schedule A Funds and will make all employee-authorized deductions in the amount designated. Such contributions shall be made in compliance with the applicable prevailing wage determination and shall be due and payable on the due date contained in the applicable Schedule A.  Payment of cash in lieu of contributions shall not be permitted.
>
> (a) All Contractors adopt and agree to be bound by the written terms of the legally established trust agreements specifying the detailed basis on which payments are to be made into, and benefits paid out of, such Schedule A Funds. . . .

ORDER - 2

NWI maintains that it has not violated the PLA because the company attempted to make benefit contributions for Mr. Hailstone, but the Trust would not accept the contributions.

Article 17 of the PLA contains a detailed grievance procedure. Article 17.3 provides that "[a]ny question or dispute arising out of and during the term of this PLA (other than trade jurisdictional disputes) shall be considered a grievance and subject to resolution" under a three step process. Steps 1 and 2 of the grievance procedure provide for meetings between representatives of the union and the employer. Step 3 provides:

> If the grievance has been submitted but not adjusted under Step 2, either party may request in writing, within seven (7) calendar days thereafter, that the grievance be submitted to either Michael Beck, Kenneth McCaffree or Gary Axon the mutually agreed upon Arbitrators for this Article. The decision of the Arbitrator shall be final and binding on all parties. The fee and expenses of such Arbitration shall be borne equally be [sic] the Contractor(s) and the involved Local Union(s).

On September 16, 2005, Local 174 sent NWI a letter indicating that the union had filed a grievance for violation of Article 10.2 and requesting a Step 2 grievance meeting. On September 29, 2005, the union sent NWI another letter requesting that its grievance be moved to a Step 3 arbitration. However, NWI has refused to participate in an arbitration of this grievance. On August 9, 2006, Local 174 filed a complaint in this Court to compel arbitration of the grievance. Local 174 also seeks an award of attorney's fees, arguing that NWI has frivolously refused to arbitrate the grievance.

In its opposition brief, NWI notes that Local 174 also filed a charge against NWI with the National Labor Relations Board (NLRB) based on NWI's refusal to arbitrate the grievance. The NLRB declined to issue a complaint against NWI, finding that NWI "made a good faith effort to remit benefit payments" to the Trust and that "further proceedings are unwarranted at this time."

**Analysis**

A.    Arbitrability of Dispute

Local 174 has brought suit to compel arbitration under Section 301 of the Labor Management Relations Act. It is well-established that "[f]ederal labor policy favors arbitration, and doubts as to

ORDER - 3

1    whether a particular dispute is arbitrable should be resolved in favor of arbitration." <u>Laborers Int'l</u>

2    <u>Union Local 252 v. Town Concrete Pipe of Washington, Inc.</u>, 680 F.2d 1284, 1285 (9th Cir. 1982).

3    As a result, "[t]he role of the courts in resolving labor disputes is extremely narrow: judicial inquiry

4    must go only to the arbitrability of disputes, and not to the merits of the underlying dispute."

5    <u>Rockwell Int'l Corp. v. Hanford Atomic Metal Trades Council</u>, 851 F.2d 1208, 1211 (9th Cir. 1988).

6    Put another way, "to be consistent with congressional policy in favor of settlement of disputes by the

7    parties through the machinery of arbitration, the judicial inquiry under [Section] 301 must be strictly

8    confined to the question whether the reluctant party did agree to arbitrate the grievance . . . ." <u>United</u>

9    <u>Steelworkers of America v. Warrior & Gulf Navig. Co.</u>, 363 U.S. 574, 582 (1960).

10          The Supreme Court has held that "where the contract contains an arbitration clause, there is a

11   presumption of arbitrability in the sense that '[a]n order to arbitrate the particular grievance should not

12   be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of

13   an interpretation that covers the asserted dispute.'" <u>AT&T Techs. v. Commc'n Workers of America</u>,

14   475 U.S. 643, 650 (1986).  This presumption is "particularly applicable" when a contract contains a

15   broad arbitration clause. <u>Id.</u>  "[W]here there is no 'express provision excluding a particular grievance

16   from arbitration, . . . only the most forceful evidence of a purpose to exclude the claim from arbitration

17   can prevail.'" <u>Westinghouse Hanford Co. v. Hanford Atomic Metal Trades Council</u>, 940 F.2d 513,

18   518 (9th Cir. 1991).  "[A] court's determination of arbitrability must be based on the arbitration

19   clause, not on the substantive contract clauses." <u>Town Concrete</u>, 680 F.2d at 1285.        In this case,

20   there is no question that the PLA contains a broad arbitration clause.  The PLA's grievance procedure

21   covers "[a]ny question or dispute arising out of and during the term of this PLA" and provides for

22   arbitration of Step 3 grievances.  Plaintiff has alleged that NWI violated Article 10.2 of the PLA

23   during the term of the agreement and has requested arbitration of that grievance.  Under these

24   circumstances, there is a presumption of arbitrability of the dispute.

25

26   ORDER - 4

1    NWI suggests that it cannot be required to arbitrate this dispute because it has not violated the

2    PLA, asserting that "an actual violation of a term of the PLA is required before the grievance

3    procedure is mandated." (Opp. at 1).  As the union suggests, NWI appears to misapprehend the

4    Court's limited role in determining whether to compel arbitration of a labor dispute.

5    The Supreme Court has repeatedly cautioned that "in deciding whether the parties have agreed

6    to submit a particular grievance to arbitration, a court is not to rule on the potential merits of the

7    underlying claims." AT&T Techs., 475 U.S. at 649.  Instead, in considering whether a union's

8    grievance is arbitrable, a court "must carefully avoid ruling on the merits of that grievance."

9    Westinghouse Hanford Co. v. Hanford Atomic Metal Trades Council, 940 F.2d 513, 516 (9th Cir.

10   1991).  "[T]hat a grievance might be considered by the court to be 'frivolous' is not a proper ground

11   for holding that it is not arbitrable." Id. at 517.  As the Supreme Court has held:

12       The courts . . . have no business weighing the merits of the grievance, considering whether
         there is equity in a particular claim, or determining whether there is particular language in the
13       written instrument which will support the claim.  The agreement is to submit all grievances to
         arbitration, not merely those which the court will deem meritorious.
14

15   United Steelworkers of America v. American Mfg. Co., 363 U.S. 564, 568 (1960).  As a result, NWI

     cannot avoid arbitration by claiming that it has not violated the PLA.  Instead, it is for the arbitrator to
16
     consider whether Plaintiff's grievance has merit.
17
     NWI also suggests that the union's grievance lies with the Trust, not than NWI.  The company
18
     notes that it tried to make benefit contributions for Mr. Hailstone, but the Trust refused to accept the
19
     contributions due to NWI's modification of documents.  NWI argues that "Local 174 is essentially
20
     requesting that NWI arbitrate an issue that is outside the scope of the two parties." (Opp. at 8).
21
     However, NWI's argument would effectively require the Court to interpret the substantive
22
     provisions of the PLA and to reach the underlying merits of the union's grievance.  The union
23
     contends that NWI violated Article 10.2 of the PLA by failing to take all necessary actions to make
24
     contributions required under the PLA.  To the extent that NWI maintains that the actions of a third
25

26   ORDER - 5

1  party have prevented it from fulfilling its obligations under Article 10.2, such an argument must be

2  considered by the arbitrator, not by this Court.  See, e.g., United Food & Commercial Workers Union,

3  Local 770 v. Geldin Meat Co., 13 F.3d 1365, 1369-70 (9th Cir. 1994) (holding that district court

4  erred in refusing to compel arbitration of a dispute on the grounds that the dispute was between the

5  union and a third party, rather than between the union and an employer).

6         NWI also notes that the NLRB has refused to issue a complaint against NWI.  However, as

7  Local 174 observes, the Ninth Circuit has held that the NLRB's refusal to issue a complaint does not

8  preclude a union from seeking arbitration of a labor dispute that is covered by an arbitration

9  agreement.  See Warehousemen's Union Local No. 206 v. Continental Can Co., Inc., 821 F.2d 1348,

10  1351-52 (9th Cir. 1987).

11        Therefore, the Court finds that Local 174's grievance is arbitrable and that the union's motion

12  for summary judgment should be granted.

13  B.     Plaintiff's Request for Attorney's Fees

14        Local 174 has also requested an award of its attorney's fees in this matter.  The Ninth Circuit

15  has held that an award of attorney's fees "is appropriate when a party frivolously or in bad faith

16  refuses to submit a dispute to arbitration."  United Food & Commercial Workers Union v. Alpha Beta

17  Co., 736 F.2d 1371, 1383 (9th Cir. 1984).

18        The Court finds that NWI's refusal to submit this dispute to arbitration was frivolous.  In

19  opposing Plaintiff's motion, NWI's cites virtually no legal authority for its positions and essentially

20  argues that the Court should consider the merits of the underlying grievance, contrary to a long line of

21  authority from the Supreme Court and the Ninth Circuit.  NWI has also dragged out this dispute over

22  an extended period of time by failing to respond in a timely manner to Local 174's repeated requests

23  for arbitration – most recently by failing to appear and respond to Plaintiff's complaint in this Court

24  within the time prescribed by the Federal Rules of Civil Procedure.  NWI's frivolous actions in

25  resisting arbitration have literally created a federal case out of a modest labor dispute.

26  ORDER - 6

1    Under these circumstances, the Court finds that Plaintiff should be awarded its reasonable

2  attorney's fees incurred in this action.  Plaintiff is directed to file a properly supported motion for

3  attorney's fees within <u>30 days</u> of the date of this order.

4  C.    Defendant's Motion to Strike

5    In its opposition to Plaintiff's motion, NWI has moved to strike: (1) several e-mails or letters

6  drafted by Plaintiff's counsel; and (2) two paragraphs from a declaration by Local 174 business agent

7  Mike Kirsch.  Because the Court's analysis of this motion does not depend on these materials, the

8  Court denies this request to strike as moot.

9                                    **Conclusion**

10    Consistent with the discussion above, the Court GRANTS Plaintiff's motion for summary

11  judgment and ORDERS the parties to arbitrate Plaintiff's grievance in accordance with the terms of

12  the PLA.  The Court also GRANTS Plaintiff's request for its attorney's fees in bringing this action.

13  Plaintiff is directed to file a properly supported motion documenting the attorney's fees that it incurred

14  in this action within <u>30 days</u> of the date of this order.  Defendant's requests to strike materials offered

15  by Plaintiff are DENIED as moot.

16    The Clerk is directed to send copies of this order to all counsel of record.

17    Date:   January 19, 2007

18                                   s/Marsha J. Pechman
                                     Marsha J. Pechman
19                                   United States District Judge

20

21

22

23

24

25

26  ORDER - 7