UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GENERAL TEAMSTERS LOCAL NO. 174,<br><br>Plaintiff,<br><br>v.<br><br>NORTHWEST INFRASTRUCTURE, INC.,<br><br>Defendant. | NO. C06-1122P<br><br>ORDER ON PLAINTIFF'S PETITION FOR ATTORNEY'S FEES AND COSTS |

This matter comes before the Court on Plaintiff's petition for attorney's fees and costs. (Dkt. No. 30). Having reviewed the materials submitted by the parties, the Court GRANTS in part and DENIES in part Plaintiff's petition. Plaintiff has requested $18,940 in fees and costs. For the reasons stated below, the Court reduces this request by $3,028, leaving a total award of $15,912.

**Background**

Plaintiff General Teamsters Local No. 174 filed this action to compel Defendant Northwest Infrastructure, Inc. (NWI) to arbitrate a labor dispute. The Court granted Plaintiff's motion for summary judgment and compelled arbitration. The Court also held that Plaintiff was entitled to an award of attorney's fees because NWI had frivolously refused to submit the dispute to arbitration. As directed by the Court, Plaintiff has filed a motion documenting the attorney's fees it incurred in this action.

ORDER - 1

**Analysis**

As a threshold matter, Defendant suggests that Plaintiff cannot receive an award of attorney's fees without a contractual or statutory basis for its request. This argument overlooks the Court's order on Plaintiff's summary judgment motion, which held that Plaintiff was entitled to fees because NWI had frivolously refused to arbitrate. To support its decision to award fees, the Court cited United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1383 (9th Cir. 1984), which held a fee award "is appropriate when a party frivolously or in bad faith refuses to submit a dispute to arbitration." NWI did not move for reconsideration of the Court's order and the time for seeking reconsideration of that order has now passed. See Local Civil Rule 7(h)(2) (motions for reconsideration must be filed within 10 judicial days following the order to which it relates).

**1.     Attorney's Fees**

To determine a fee award, the Court must first calculate the "lodestar amount," which is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996).

Plaintiff requests a rate of $350 per hour for partner Dmitri Iglitzin, $200 per hour for associate Carson Glickman-Flora, and $95 per hour for the work of legal assistants Betsy Miller and Jennifer Woodward. Defendant has not suggested these rates are unreasonable and the Court finds that Plaintiff has submitted adequate documentation to support the reasonableness of those rates.

Plaintiff seeks an award for 89.6 hours of work. Defendant suggests this amount of time should be reduced to eliminate fees incurred by Plaintiff in connection with an unsuccessful charge filed with the National Labor Relations Board (NLRB) regarding Defendant's refusal to arbitrate. The Court agrees with Defendant that hours expended on the unsuccessful NLRB proceeding should not be allowed as time reasonably expended in the action before this Court. While Plaintiff suggests that evidence and research during the NLRB proceeding was important to their case in this Court, the only specific evidence cited by Plaintiff is an affidavit that business agent Mike Kirsch offered in the NLRB

ORDER - 2

case. Although Plaintiff offered Mr. Kirsch's affidavit in this case, the evidence was not of great importance in determining whether to grant Plaintiff's request to compel arbitration of the grievance.

Therefore, the following hours expended on the NLRB proceeding will not be allowed:

| Date | Time Keeper[1] | Description | Hours | Amount |
|---|---|---|---|---|
| 4/3/2006 | CGF | research NLRB cases re: refusal to arbitrate = contract repudiation; Msg. to Cottrell; set mtg w/Kirsch | 2.40 | $480.00 |
| 4/4/2006 | CGF | research NLRB decisions on failure to arbitrate | 0.70 | $140.00 |
| 4/5/2006 | CGF | took Kirsch declaration, research and began writing appeal letter | 7.40 | 1,480.00 |
| 4/6/2006 | DI | review Kirsch affidavit | 0.40 | $140.00 |
| 4/7/2006 | CGF | organize exhibits for submission [presumably to NLRB] | 1.40 | $280.00 |
| | | **TOTALS** | 12.3 | $2,520 |

The Court also notes that several time entries submitted by Plaintiff only describe the work performed as "followup," with no further detail. "[C]ounsel bears the burden of submitting detailed time records justifying the hours claimed to have been expended." <u>Chalmers v. City of Los Angeles</u>, 796 F.2d 1205, 1210 (9th Cir. 1986). "[A]bbreviated time records, submitted in a form not reasonably capable of evaluation, do not satisfy" this burden. <u>Stewart v. Gates</u>, 987 F.2d 1450, 1453 (9th Cir. 1993). As a result, "[w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 434 (1983). The following time entries will not be allowed because they are not reasonably capable of evaluation:

---

[1] "DI" is partner Dmitri Iglitzin and "CGF" is associate Carson Glickman-Flora.

ORDER - 3

| Date | Time Keeper | Description | Hours | Amount |
|---|---|---|---|---|
| 10/5/2006 | DI | followup | 0.20 | $70.00 |
| 10/11/2006 | DI | followup | 0.20 | $70.00 |
| 10/14/2006 | DI | followup | 0.30 | $105.00 |
| 11/13/2006 | DI | followup | 0.20 | $70.00 |
|  |  | **TOTALS** | 0.90 | $315 |

In sum, the Court finds that Plaintiff's request for 89.6 hours should be reduced by 13.2 hours. The Court finds that the remaining 76.4 hours are adequately documented and were reasonably expended on this action. Multiplying the 76.4 allowable hours by the reasonably hourly rates of Plaintiff's attorneys and legal assistants results in a lodestar figure of $15,562.

The Court next considers whether to adjust the "presumptively reasonable" loadstar figure on the basis of twelve factors: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Ballen v. City of Redmond, 466 F.3d 736, 746 (9th Cir. 2006). "[O]nly in rare circumstances should a court adjust the lodestar figure, as this figure is the presumptively accurate measure of reasonable fees." Id.

The Court finds no reason to adjust the lodestar figure in this case. Defendant suggests that the lodestar figure should be reduced because "no amount was in dispute and this matter ended on summary judgment." The Court does not regard this argument as persuasive. The relief sought by Plaintiff in this case was to compel arbitration, rather than a ruling on the merits of the underlying

ORDER - 4

labor dispute, and Plaintiff was successful in obtaining the relief sought.  The Court also does not regard an expenditure of 76.4 hours to be unreasonable in a case that resolves on summary judgment.

**2.     Costs**

Plaintiff also seeks $543 in costs, including: (1) $350 for the filing fee; and (2) $193 for legal messenger services.  As the prevailing party, Plaintiff is entitled to costs under 28 U.S.C. § 1920.  Although Plaintiff may recover the filing fee under Section 1920, Plaintiff is not entitled to legal messenger fees under the statute.  Therefore, the Court will allow only $350 in costs.

**Conclusion**

For the reasons stated above, the Court GRANTS in part and DENIES in part Plaintiff's petition for attorney's fees and costs.  The Court awards Plaintiff $15,562 in attorney's fees and $350 in costs, for a total award of $15,912.  Defendant shall make payment within twenty days of the date of this order.

The Clerk is directed to send copies of this order to all counsel of record.

Date:   March 30, 2007

                                         s/Marsha J. Pechman
                                         Marsha J. Pechman
                                         United States District Judge

ORDER - 5